#### IN THE UNITED STATES BANKRUPTCY COURT
#### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re the Chapter 7 of | ) |
| | ) |
| GORDON GREEN | )  Case No. 21-06189 |
| | ) |
|     Debtor | ) |

### DEBTOR'S RESPONSE TO THE TRUSTEE'S OBJECTION TO EXEMPTION

Now comes the Debtor, GORDON GREEN, for his **Response to the Objection to Debtor's Exemptions.** In support, he states as follows:

### INTRODUCTION

1. The Debtor filed the instant bankruptcy case on May 11, 2021. The Debtor disclosed, in Schedule B of the filed bankruptcy petition, that he owned a "Retirement Fund" held by Sun Life with an approximate liquidated value of $73,200 (the "Retirement Fund"). (See attached Schedule AB). In Schedule C of his bankruptcy petition, the Debtor claimed the Retirement Fund exempt under 735 ILCS 5/12-1006 ("Section 1006"). (See attached Schedule C).

2. The Trustee filed an Objection to the Debtor's claim of exemption under Section 1006 stating that "[t]he Debtor's claimed exemption in the Sun Life Fund is invalid, inasmuch as the pension plan in question was organized under the laws of Ontario, Canada and therefore was not the type of plan that could be exempt under the express terms of the Illinois statute." (Objection, 3).

3. The Trustee's cursory pleading has failed to satisfy his burden to objection to Debtor's exemption.  Further, even a generous reading of the Trustee's objection demonstrates that he is relying on an inaccurate interpretation of Section 1006 that is without merit or support.  Section 1006 allows the Debtor to properly claim the Retirement Fund as exempt and the Trustee's objection should be overruled.

**The Trustee Has Not Met His Burden to Prove That the Retirement Fund Does Not Meet the Requirements of Section 1006**

1. The Trustee's sole objection is that the Retirement Fund was organized in Canada. However, a plain reading of Section 1006 reveals that the requirements for claiming the Retirement Fund as exempt have nothing to do with the country of origin. *In re West*, 507 B.R. 252, 259 (Bankr. N.D. Ill. 2014).

2. The Trustee filed his Objection under Federal Rule of Bankruptcy Procedure 4003 which mandates that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." F.R.B.P 4003(c).

3. In *In re Ritter*, Judge Squires explained that "[t]he Trustee, as the objecting party under Bankruptcy Rule 4003(c), has the burden of proving that the exemptions are not properly claimed." *In re Ritter*, 190 B.R. 323, 325. Further, Judge Squires states that "[t]he standard of required proof is presumably a preponderance of the evidence." *Id.*

4. The Objection states that the Retirement Fund "was not the type of plan that could be exempt under the express terms of the Illinois statute," but it does not say which express terms of the statute the Retirement Fund fails to satisfy. *Objection*, 3. This leaves the Debtor guessing as to how the Trustee's Objection is supported by the plain meaning of Section 1006.

5. The Trustee's Objection provides no evidence or analysis of Section 1006, nor does it seek to offer any proof of its position other than stating that the Retirement Fund was organized under the laws of Ontario, Canada and therefore could not be the type of plan exempt under the express terms of the Illinois Statute.

6. Section 1006 does not automatically exclude foreign retirement plans, but rather sets forth several criteria by which any plan, foreign or domestic, may qualify. As discussed below, the Debtor claimed this exception based on a good faith reading of Section 1006 in combination with Internal Revenue Code 404A(e).

7. Rather than discussing the actual terms of Section 1006 or making any mention of the Internal Revenue Code, the Trustee leaves it to the debtor to plead his case. This is an improper shifting of the burden of proof and the Court should deny the Trustee's motion without reaching the merits of the exemption itself.

**The Retirement Fund Meets the Requirements of Section 1006**

8. If the Court does wish to consider the merits of Debtor's exemption, it will find ample authority in the plain statute and caselaw why the Retirement Plan qualifies under Section 1006.

9. Section 1006 states that in order to be exempt from collection, a retirement plan must be:

> *"(i) [] intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or*
> *(ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended."*

10. Citing *In re Lummer*, Judge Barnes points out that "the language of § 12–1006(a) ... [is] unequivocal in protecting any interest a debtor may have in the assets of a pension or retirement plan and any right to receive benefits, distributions, or other payments under such a plan." *In re West*, 507 B.R. at 259.

11. Subparagraph (i) of the statute allows for exemption of retirement plans, both foreign and domestic, which are intended to qualify as retirement plans under Internal Revenue Code 1986. Subparagraphs (i) and (ii) are separated by and "or" which means that only one of them needs to be satisfied in order for the Retirement Fund to qualify as exempt.

12. While the Trustee may be correct that a foreign retirement plan was likely not created under the Illinois Pension Code, the Retirement Fund will qualify under subparagraph (i).

**The Retirement Fund was Intended to Qualify Under the Internal Revenue Code**

13. This Court has recently dealt with the issue of how to determine whether a retirement plan was "intended in good faith to qualify as a retirement plan under the provisions of the Internal Revenue Code of 1986." *In re West*, 507 B.R. 252.

14. Prior to *West*, the 7th Circuit explained that for a retirement plan to be exempt under Section 1006, "what is necessary is a trust or equivalent arrangement segregating the assets until retirement." In re *Schoonover*, 331 F.3d 575, 577 (7th Cir. 2003).

15. In *West*, Judge Barnes elaborates that there are two requirements for a retirement account to qualify as exempt under Section 1006. First, "the retirement plan must be held in 'a trust or equivalent arrangement.'" Second, the retirement plan "must come within the Internal Revenue Code provisions for tax qualified retirement plans." *Id at* 259.

16. The first element under *West* does not appear to be in dispute by the trustee. The Retirement Fund is a segregated asset labeled by Sun Life as "U.S. Equity Hedged Segregated Fund." (See attached Fund Description). These Retirement Fund assets are segregated until retirement as required.

17. While the trustee does allege that the Retirement Fund is a foreign entity, that objection does not allege any defect in the segregation of the funds.

18. Rather, the trustee's objection appears to question whether the Retirement Fund meets the requirements of an Internal Revenue Code provision, qualifying it as a retirement plan.

**The Retirement Fund Qualifies as a Retirement Plan Under IRC 404A(e)**

19. Concerning the second element, the Internal Revenue Code provides for several different types of tax qualified retirement plans. Since the Retirement Fund was organized in Canada, the relevant Internal Revenue Code section is 26 U.S.C. 404A(e) which defines the rules for a "qualified foreign plan." 26 U.S.C. 404A(e) states:

> *"For purposes of this section, the term "qualified foreign plan" means any written plan of an employer for deferring the receipt of compensation but only if—*
> *(1) such plan is for the exclusive benefit of the employer's employees or their beneficiaries,*
> *(2) 90 percent or more of the amounts taken into account for the taxable year under the plan are attributable to services—*
>   *(A) performed by nonresident aliens, and*
>   *(B) the compensation for which is not subject to tax under this chapter, and*
> *(3) the employer elects (at such time and in such manner as the Secretary shall by regulations prescribe) to have this section apply to such plan.*

An analysis of the statute is warranted.

20. First, the Debtor's Retirement Fund was accrued while he was employed as a Visiting at the University of Western Ontario. The Plan was offered to the employees of The University of Western Ontario and is believed to be for the exclusive benefit of its employees. The Debtor is the current beneficiary of the Retirement Plan and his beneficiaries are named as successor beneficiaries. (See attached Plan Documents).

21. Second, the University of Western Ontario is a Canadian Provincial school that can be presumed to have a staff of at least 90% Canadians; and the Retirement Fund has never been subject to tax under this Chapter of the Internal Revenue Code.

22. Finally, on information and belief, the University of Western Ontario elected to have 11 U.S.C. 404A(e) apply to the Retirement Fund plan.

23. Given the above analysis, the Retirement Fund is a plan that qualifies as a "qualified foreign plan" under 26 U.S.C. 404A(e).

24. Having qualified under IRC 404A(e), the Retirement Fund also qualifies as exempt under Section 1006.

**Conclusion**

The Trustee has failed to satisfy his burden in showing how the Retirement Fund does not qualify under Section 1006 simply because it is Canadian. Nonetheless, the plain meaning of Section 1006, in combination with Internal Revenue Code 404A(e), does allows the Debtor to claim the Retirement Fund as exempt. In cases like this, the 7th Circuit stated in *In re Barker*, "where an exemption statute might be interpreted either favorably or unfavorably vis-á-vis a debtor, we should interpret the statute in a manner that favors the debtor." (*In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985)). Here, there is no doubt that the unambiguous language of the statute favors the debtor, therefore the Court should overrule the trustee's objection.

Respectfully Submitted
By
GORDON GREEN

/s/ *Ben Schneider*
One of the Attorneys for the Debtor

BEN SCHNEIDER (ARDC # 6295667)
SCHNEIDER & STONE
8424 Skokie Blvd., Suite 200
Skokie, IL 60077
847-933-0300
ben@windycitylawgroup.com