**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **GORDON GREEN,** | ) | Bankruptcy No. 21 B 06189 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| _____ | ) | |

**REPLY FURTHER SUPPORTING
TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS**

NOW COMES David P. Leibowitz ("Trustee"), not individually but as the chapter 7 trustee of the bankruptcy estate of Gordon Green ("Debtor"), and hereby submits his reply in further support of his objection to Debtor's claimed exemption.[1] In support of this objection, Trustee states the following:

**JURISDICTION**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1] All chapter, section, and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

**UNDISPUTED FACTS**

4. Debtor filed his voluntary petition for relief under chapter 7 on May 11, 2021. The first meeting of creditors was held on June 8, 2021, and no trustee was elected. Accordingly, David P. Leibowitz became trustee for this case.

5. Debtor's original Schedule B of personal property schedules an interest in a "Retirement Fund: Sun Life: Life Income Fund" valued at $73,200. A copy of the statement for this asset was attached to the Trustee's Objection as Exhibit A.

6. Debtor's Schedule C claims this asset to be exempt pursuant to 735 ILCS 5/12-1006.

**GOVERNING LAW**

7. 735 ILCS 5/12-1006 provides as follows:

```
Sec. 12-1006. Exemption for retirement plans.
    (a) A debtor's interest in or right, whether vested or
not, to the assets held in or to receive pensions, annuities,
benefits, distributions, refunds of contributions, or other
payments under a retirement plan is exempt from judgment,
attachment, execution, distress for rent, and seizure for the
satisfaction of debts if the plan (i) is intended in good
faith to qualify as a retirement plan under applicable
provisions of the Internal Revenue Code of 1986, as now or
hereafter amended, or (ii) is a public employee pension plan
created under the Illinois Pension Code, as now or hereafter
amended.
    (b) "Retirement plan" includes the following:
        (1) a stock bonus, pension, profit sharing, annuity,
    or similar plan or arrangement, including a retirement
    plan for self-employed individuals or a simplified
    employee pension plan;
        (2) a government or church retirement plan or
    contract;
        (3) an individual retirement annuity or individual
    retirement account; and
        (4) a public employee pension plan created under the
    Illinois Pension Code, as now or hereafter amended.
    (c) A retirement plan that is (i) intended in good faith
to qualify as a retirement plan under the applicable
provisions of the Internal Revenue Code of 1986, as now or
hereafter amended, or (ii) a public employee pension plan
created under the Illinois Pension Code, as now or hereafter
amended, is conclusively presumed to be a spendthrift trust
```

```
       under the law of Illinois.
            (d) This Section applies to interests in retirement plans
       held by debtors subject to bankruptcy, judicial,
       administrative or other proceedings pending on or filed after
       August 30, 1989.
```

8. What constitutes a qualified retirement plan under the Internal Revenue Code is established in 26 USC 401. That section is too long to reproduce here but the salient provision appears in the very first clause of the statute:

> **(a)REQUIREMENTS FOR QUALIFICATION** A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section— {the statute goes on to set out numerous conditions for qualification under the Internal Revenue Code}

9. The salient portion of Section 401 of the Internal Revenue Code, however, is the fundamental requirement that the trust be created and organized in the United States.

10. However, the fund in question, as acknowledged by the documents attached by Debtor in response to Trustee's objection is a Canadian Life Income Fund.

11. A Canadian Life Income Fund is a "Registered Retirement Income Fund" ("RRIF") under Canadian tax law.[2]

12. A RRIF is a tax-deferred retirement plan under Canadian Tax Law.

13. Details concerning the Canadian Laws pursuant to which the Debtor's Life Income Fund – RRIF was established may be seen in the footnoted publication

---

[2] Registered Retirement Income Fund (RRIF) - Canada.ca

issued by Revenue Canada.³ Thus, the Debtor's interest in the "Retirement Fund: Sun Life: Life Income Fund" is not and cannot be exempt under Illinois law.

14. In order to qualify as an exempt retirement plan under Illinois Law, the retirement plan must meet one of the two prongs of 735 ILCS 5/12-1006(a). The plan in this case does not meet the second prong, as it clearly is not "a public employee pension plan created under the Illinois Pension Code."

15. Nor does the plan satisfy the first prong of the test in §12-1006(a), and the cases cited by Debtor in connection therewith are inapposite.

16. Judge Barnes stated in *In re West,* 507 BR 252 (Bankr. N.D. IL 2014), cited by Debtor:

> To qualify for the Illinois exemption, the retirement plan must be held in "a trust or equivalent arrangement," *In re Schoonover,* 331 F.3d 575, 577 (7th Cir. 2003), and must come within the Internal Revenue Code provisions for tax-qualified retirement plans, *In re Ellis,* 274 B.R. 782, 787 (Bankr.S.D.Ill.2002).

17. *West*, however, does not support Debtor's claim of exemption. It only holds that a person, such as a spouse in a divorce, who comes into their pension rights derivatively nevertheless is entitled to the exemption if the retirement plan otherwise qualifies.

18. *Schoonover*, 331 F.3d 575 (7th Cir. 2003) is also inapposite and unhelpful to Debtor. There, the debtor tried to establish that funds in his bank account were proceeds of social security benefits and was unable to do so. Nothing in the decision addresses the case at hand in any way.

---

³ t4040-20e.pdf (canada.ca)

**19.**    *In re Lummer,* cited in Judge Barnes' *West* decision, is also off point. The military pension in question was exempt and the spouse's claim to it was derivative, so it was also exempt.

**ARGUMENT**

**20.**    Debtor contends that the reference to a "qualified foreign plan" under 26 USC 404(A)(e) somehow demonstrates that the Life Income Fund, RRIF created exclusively under and pursuant to Canadian Law, was also intended to qualify as a "qualified foreign plan" and therefore a "retirement plan" established under United States law.

**21.**    This contention is erroneous.

**22.**    A "qualified foreign plan" under Section 404(A)(e) does not have the attributes of a retirement plan under Section 401(a).

**23.**    Section 404(a) simply addresses deductions of contributions to a foreign plan.

**24.**    Nothing in Section 404(a) equates a qualified foreign plan to a qualified plan under Section 401(a). Indeed, section 401(a) is not even mentioned in Section 404(A) of the Internal Revenue Code.

**25.**    A "qualified foreign plan" is no more a "qualified plan" within the meaning of 26 USC 401(a) than an "inherited Individual Retirement Account" is the same as an "Individual Retirement Account". See *Clark v. Rameker,* 523 US 122 (2014).

26. While no Illinois case has been located addressing the specifics of Debtor's claimed exemption as it relates to a Canadian Registered Retirement Income Fund, a bankruptcy court in New York has addressed this question in connection with a rather similar New York State exemption.

27. New York, like Illinois, is an opt-out state. The New York Debtor and Creditor Law, § 282(iii)(2)(f) provides the following exemption in bankruptcy:

> § 282. Permissible exemptions in bankruptcy. Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules, (ii) insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law and (iii) the following property:
>
> 1. Bankruptcy exemption of a motor vehicle. One motor vehicle not exceeding four thousand dollars in value above liens and encumbrances of the debtor; provided, however, if such vehicle has been equipped for use by a disabled debtor, then ten thousand dollars in value above liens and encumbrances of the debtor.
>
> 2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a local public assistance benefit; (b) a veterans' benefit; (c) a disability, illness, or unemployment benefit; (d) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; (e) the debtor's interest in his or her rent-stabilized lease; and **(f) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401, 408 or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and (iii) such plan**

> **or contract does not qualify under section four hundred one (a), four hundred three (a), four hundred three (b), four hundred eight, four hundred eight A, four hundred nine or four hundred fifty-seven of the Internal Revenue Code of nineteen hundred eighty-six, as amended.**

28. While this statute is worded somewhat differently than the Illinois exemption, it is clear that plans under Section 404(A) were not intended to be exempt.

29. This was at issue in *In re Ondrey,* 227 B.R. 211 (Bankr. WD NY 1998). There, the bankruptcy court addressed the exemption claimed to a Canadian retirement plan pursuant to the New York State exemption quoted above.

30. The debtor had both a Canadian Pension Plan and a Canadian Registered Retirement Savings Plan (RRSP).

31. The RRSP, just like the RRIF in the instant case, was funded by the debtor with the proceeds of what used to be in his Pension Plan.

32. While the Pension Plan was held to have been exempt under the specific terms of the New York law, the RRSP was held not exempt. The mere fact that it was similar to an IRA did not make it an IRA for purposes of the exemption.

33. The bankruptcy court also addressed a tax treaty between the United States and Canada as follows:

> While this section of the Can-U.S. Treaty is important for its tax deferral provisions, it does not analogize an RRSP to an IRA or an ERISA qualified retirement plan for any other purpose. Indeed, this Court finds that the Can-U.S. Treaty grants reciprocity between the respective nations for tax purposes only. The Treaty does not grant recognition of any other kind of status (e.g., leviability, alienability, or exemptability). In fact, Article II of the Can-U.S. Treaty (signed 1980, as amended 1997) purported to define the treaty's scope by reciting that "this Convention applies to taxes on income and capital." The Can-U.S. Treaty itself does not seem to be of any assistance as to the present issue, one way or the other.
>
> Nor do the administrative pronouncements by the I.R.S. cited by the Debtor avail either side. I.R.S. Rule 96-31 merely clarifies that RRSPs are examples of plans

> which are qualified for tax deferral status under the terms of the Can-U.S. Treaty.[7] It does not equate an RRSP with an IRA. And possibly more to the point, it was earlier announced in IRS Revenue Ruling 89-95 that ". . . an RRSP is not a `qualified' plan for U.S. tax purposes."
>
> In asking this Court to analogize his RRSP to an IRA for exemption purposes, Debtor would have this Court treat compliance with the I.R.C. as irrelevant. Compliance with the I.R.C. is often complex and difficult. And the Court of Appeals in *Dubroff* instructed that "it is not the court's task to compare and contrast the characteristics of various plans when § 282 explicitly endorses the tax provisions governing IRAs. 26 U.S.C. § 408" 119 F.3d at 80. Of course, in *Dubroff,* the court was refusing to look behind the fact that the state legislature had granted an exemption for what "qualifies" as an IRA under the I.R.C. Here, this Court accepts the *Dubroff* teaching as a command that this Court not substitute itself for the legislature in determining, after making detailed comparisons, whether a foreign plan too should be exempt. In *Dubroff,* the court found that Congress and the State had treated IRAs like a pension. Here, the most that can be said of the RRSP is that Congress ratified a treaty that defers taxes on income and capital.
>
> In other words, this Court must not treat an RRSP as an IRA. This Court has said on a number of occasions that a party will not be found to have successfully attained a status, as against creditors, which he or she, without compelling reason, did not even seek.[8]
> This Court ought not give him the same status that he would have if he (or his employer, or his depository institution) had done whatever was necessary to assure that his retirement funds were held in a plan that qualified for exemption under N.Y. D & C § 282. Otherwise, the Court must become an expert by comparing and contrasting all of the attributes of RRSPs and IRAs, would ignore the plain text of the exemption statute, would impinge upon the statutory authority of the Internal Revenue Service, the Congress, the State of New York, et al. to make such decisions, and would demean the efforts that countless other employers, employees, and financial institutions undertake every day to assure that their devices are "similar" to pension funds (as defined in *Dubroff*).

34.     Just as a Registered Retirement Savings Plan is not a qualified plan for purposes of the United States Internal Revenue Code, or even could remotely be deemed to be intended to qualify as such, a Registered Retirement Income Fund also is not a qualified plan for purposes of the United States Internal Revenue Code.

35.     Moreover, since the Debtor has every right to withdraw funds from his Canadian RRIF, and, in fact, did so for many months and years prior to his

bankruptcy petition, nothing would have prohibited him from moving those funds to an asset that might have been exempt under the United States Bankruptcy Code, for example, like a Roth IRA. Yes, he would have had to pay taxes on the funds. But he had to pay taxes on the funds when he withdrew them from Canada.

36. This Debtor simply does not enjoy the same exemptions with respect to the Canadian RRIF that he would have enjoyed with respect to a qualified plan within the meaning of the Internal Revenue Code.

37. The Statement provided by the Debtor reflects that over $78,000 was withdrawn from the "Retirement Fund: Sun Life: Life Income Fund" during 2020. The Debtor's schedules do not account for the dissipation or disposition of this asset.

38. Trustee has more than sustained his burden of proof. There is no issue of fact. To the extent, however, that the Court believes that there is any genuine triable issue of fact, Trustee requests that the Court set this matter for an evidentiary hearing.

**WHEREFORE**, Trustee requests that the Court enter an order:

(a) Disallowing the exemption applied to the "Retirement Fund: Sun Life: Life Income Fund" in the amount of $73,200 pursuant to 735 ILCS 5/12-1006;

(b) Requiring the Debtor to turn over all such funds to the Trustee forthwith;

(c) Requiring the Debtor to file an amended Statement of Financial Affairs detailing the disposition of the $78,233.87 withdrawn during the year

prior to the Debtor's bankruptcy from the "Retirement Fund Sun Life: Life Income Fund"; and

(d) Awarding such further relief that the Court deems just and proper.

Date: January 6, 2022

**DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtor's Estate**

By: /s/ *David P. Leibowitz*
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
3438 N. Elaine Place, Suite 4
Chicago, IL 60657
(312) 662-5750
dleibowitz@lodpl.com

## CERTIFICATE OF SERVICE

I, Linda A. Green, certify that I served a copy of the foregoing Reply Further Supporting Trustee's Objection to Debtor's Claimed Exemptions on each entity shown on the Service List below at the address shown and by the method indicated on the list on January 6, 2022, at 4:00 p.m.

/s/ Linda A. Green
Attorney

## SERVICE LIST

*Parties served via electronic notice through CM/ECF:*

Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

Ben L Schneider    ben@windycitylawgroup.com, mstone@windycitylawgroup.com;ebrandes@windycitylawgroup.com

*Parties served via first class U.S. mail:*

Gordon Green, 2151 Sherman Ave., Evanston, IL 60201